OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 22, 2001

The Honorable Michael A. McDougal
District Attorney, Ninth Judicial District
301 North Thompson, Suite 106
Conroe, Texas 77301-2824

Opinion No. JC-0428

Re: Whether a county bail bond board may authorize an alternate to serve on the board when the licensed bail bond surety representative is unable to attend its meetings (RQ-0403-JC)

Dear Mr. McDougal:

You ask whether a county bail bond board may authorize an alternate licensed bail bond surety to serve on the board when the licensed bail bond surety representative is unable to attend. We conclude that a county bail bond board may not permit an alternate licensed bail bond surety to serve on the board.

Chapter 1704 of the Occupations Code provides for the licensing and regulation of bail bond sureties by a county bail bond board. *See* TEX. OCC. CODE ANN. § 1704.001(2) (Vernon 2001) (defining "bail bond surety" as "a person who executes a bail bond as a surety or cosurety for another person for compensation"). It creates a county bail bond board in each county with a population of 110,000 or more, *see id.* § 1704.051, and permits the creation of boards in less populous counties, *see id.* §§ 1704.002(2), .052. Section 1704.101 vests a county bail bond board with various powers, including the authority to adopt rules necessary to implement chapter 1704. *See id.* § 1704.101. A county bail bond board is required to meet at least once a month. *See id.* § 1704.055. Four members of the board constitute a quorum. *See id.* § 1704.056.

Under section 1704.053 of the Occupations Code, a county bail bond board consists of various local officials, some of whom are expressly authorized to be represented by a designee. *See, e.g., id.* § 1704.053(1) (county sheriff or a designee from his office), (3) (county judge, member of the commissioners court, or a designee approved by the commissioners court), (5) (district attorney or assistant-district-attorney designee), (8) (district clerk or his designee). Also included on the board is "a licensed bail bond surety in the county elected by other licensed bail bond sureties in the county." *Id.* § 1704.053(6).

You explain that the licensed sureties in Montgomery County "want to elect an 'alternate' surety representative to sit on the Board in the event their representative is unable to attend a Board

meeting."[1] You ask whether this is permitted by section 1704.053 or whether a rule authorizing this practice is within a board's rule-making authority under section 1704.101.[2]

This office has concluded that a member of a commission or other governmental body may not delegate his or her non-ministerial duties, including the duty to participate in the body's deliberations and decision-making. *See* Tex. Att'y Gen. Op. No. JM-903 (1988) (Texas Racing Commission members not authorized to send substitutes); Tex. Att'y Gen. LO-90-091 (metropolitan planning commission does not have authority to provide for alternate members). Furthermore, the commission or governmental body itself may not allow a member to delegate such duties absent express statutory authority. *See* Tex. Att'y Gen. Op. No. JM-903 (1988) (Texas Racing Commission not authorized to allow substitutes for members); Tex. Att'y Gen. LO-94-028 (school board member does not have authority to delegate power to vote at school board meeting). In Attorney General Opinion JM-903, for example, this office concluded that members of the Texas Racing Commission were not authorized to send substitutes to act for them nor was the commission authorized to allow substitutes to "sit for absent members and speak but not vote." Tex. Att'y Gen. Op. No. JM-903 (1988) at 5. "In the absence of express statutory authority, a commission member may not delegate his responsibility to deliberate . . . . The commission may not authorize such delegation by rule." *Id.* By contrast, the Comptroller's chief clerk was expressly authorized by statute to sit as a member of the commission in the Comptroller's absence. *See id.* at 3-4.

Chapter 1704 does not authorize the election of an alternate licensed bail bond surety representative to serve on a county bail bond board. In contrast to other members of the board, the surety member is not authorized to be represented by a designee. *See, e.g.,* TEX. OCC. CODE ANN. § 1704.053(1) (county sheriff or a designee from his office), (3) (county judge, member of the commissioners court, or a designee approved by the commissioners court), (5) (district attorney or assistant-district-attorney designee), (8) (district clerk or his designee) (Vernon 2001). Although section 1704.101 vests a county bail bond board with rule-making authority, a governmental entity may not authorize an alternate or substitute member by rule without express statutory authority. *See* Tex. Att'y Gen. Op. No. JM-903 (1988). No provision in chapter 1704 authorizes a county bail bond board to provide for an alternate licensed bail bond surety member. Accordingly, we conclude that a county bail bond board may not permit an alternate licensed bail bond surety to serve on the board when the licensed bail bond surety representative is unable to attend.

---

[1]Letter from Honorable Michael A. McDougal, District Attorney, Ninth Judicial District, to Honorable John Cornyn, Texas Attorney General (July 13, 2001) (on file with Opinion Committee).

[2]*See id.*

## S U M M A R Y

A county bail bond board may not permit an alternate licensed bail bond surety to serve on the board when the licensed bail bond surety representative is unable to attend.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee